# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| POKEBEAN, LLC a/k/a Mart Cobra, | : | |
| | : | |
| Plaintiff, | : | Case No. 25-1613 |
| | : | |
| v. | : | |
| | : | |
| UAB PAVIPRO a/ka/ BIG STORE USA and SERGEJUS PETUNOVAS, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Pokebean LLC a/k/a Mart Cobra, a Texas limited liability company ("Plaintiff"), by and through its counsel CM Law PLLC, hereby brings this Complaint against Defendant UAB Pavipro a/ka/ BIG STORE USA, a Lithuanian limited liability company ("Defendant UAB") and Defendant Sergejus Petunovas, a Lithuanian citizen ("Defendant Petunovas") (together, "Defendants"). In support thereof, Plaintiff states as follows:

## NATURE OF THE ACTION

1. This action is for the knowing and material misrepresentations made by Defendants in multiple Digital Millennium Copyright Act ("DMCA") takedown notices in violation of 17 U.S.C. § 512(f)(1), along with a declaratory judgment of noninfringement pursuant to 17 U.S.C. § 101 and 28 U.S.C. §§ 2201-02, and the violation of Texas's Deceptive Trade Practices Consumer Protection Act pursuant to TX Bus. & Comm. Code § 17.46.

## THE PARTIES

2. Plaintiff Pokebean LLC a/k/a Mart Cobra is a Texas limited liability company with a principal place of business located at 1515 Dungan Lane, Unit 204, Austin, Texas 78754. Plaintiff is the owner of the online Amazon store "Mart Cobra."

3.      Upon information and belief, Defendant UAB Pavipro is a Lithuanian limited liability company with its principal place of business located at S. Konarskio g. 32C-5, Vilnius, 03127 Vilniaus m. sav., Lithuania.

4.      Upon information and belief, Sergejus Petunovas is a Lithuanian citizen residing in Lithuania. Defendant Petunovas personally participated in or otherwise directed all of the pertinent conduct of Defendant UAB set forth herein.

## JURISDICTION AND VENUE

5.      The Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a), which each confer original jurisdiction upon the Court for civil actions arising under the laws of the United States and any act of Congress relating to copyrights. The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §§1338(b) and 1367 because the state-law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.      This Court has personal jurisdiction over Defendants because, among other reasons, Defendants: (1) have committed tortious acts outside of the State of Texas causing injury to persons and property within the State of Texas, (2) regularly does or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from services rendered, within the State of Texas, and (3) Defendants do not otherwise reside in the U.S.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2), (b)(3) and (c)(3) because Defendants conduct business within this district, the acts giving rise to the asserted claims are being committed within or otherwise substantially affect the interests of Plaintiff within this district, Plaintiff is suffering substantial harm in this district, and Defendants do not otherwise reside in the U.S.

**BACKGROUND FACTS**

8. Plaintiff operates the online Amazon store "Cobra Mart" through which it sells a variety of products including, and most pertinently, replicas of a Peruvian colonial Spanish coin called the "Cob 8 Escudos" that was issued under King Philip V in the early 18th Century:



*Example of a Real "Cob 8 Escudos" Coin*



*Plaintiff's Replica Coin*

9. *See* **Exhibits 1-2**.

10. Dozens of sellers on Amazon and other platforms sell this replica coin.

11. Defendant UAB, operating the misleadingly named Amazon store "BIG STORE USA," as well as "Leib Games," sells this same replica coin:



See **Exhibit 3**.

12. In or around March of 2024, because Plaintiff's Amazon store experienced increasing sales of the replica coin, Defendants acted to unlawfully undermine and sabotage Plaintiff's Amazon store.

13. First, Defendants submitted multiple false Report Infringement notices (DMCA takedown notices) to Amazon.com, asserting copyright infringement claims against Plaintiff's replica coin listing based on the design of the coin, which is in the public domain.

14. Second, Defendants submitted bogus and baseless product safety complaints concerning the replica coin.

4

15. Third, Defendants submitted even more false Report Infringement notices (DMCA takedown notices) to Amazon.com, asserting copyright infringement against Plaintiff's description of the replica coin in its Amazon listing, even though Plaintiff's description did not infringe any of Defendants' texts.

16. As a result of Defendants' unlawful and damaging actions, Plaintiff hired an attorney and sent Defendants a cease-and-desist letter, a copy of which is attached as **Exhibit 4**.

17. However, Defendant did not respond to the letter.

18. Instead, Defendants filed additional false Report Infringement notices (DMCA takedown notices) to Amazon.com, this time asserting copyright infringement against one of the images in Plaintiff's coin replica listing:



*See* **Exhibit 5**.

19. Defendants' copyright infringement claim, according to Amazon, is based on the lighting, shadow, and visual effects at the bottom of the coins. However, Plaintiff's "visual effects" at the bottom of the coins were created by Plaintiff and are not found in any of Defendant's

images; additionally, the "lighting" and "shadow" of Plaintiff's coin stack are a functional result of the design of the coins set in a stack to the extent they are similar to any of Defendants' images.

20. Defendants submitted the aforementioned false Report Infringement notices to Amazon.com knowing that they were false or baseless and without conducting any good faith fair use or noninfringement analysis.

21. As a result of Defendants' false Report Infringement notices, Plaintiff's replica coin listings were temporarily and, in some cases, permanently removed from Amazon. This has caused Plaintiff to suffer extensive damages, including a direct loss of revenue due to the unavailability of its replica coin on Amazon, a decrease in the organic ranking and traffic of its Amazon listings, and increase in operational and advertising costs in responding to the notices and listing removals.

22. Plaintiff has no adequate remedy at law against Defendants' repeated filing of takedown notices against Plaintiff's replica coin listing. Defendants' conduct has caused and, if allowed to continue, will continue to cause irreparable damage to Plaintiff's sales, business, and consumer reputation.

## COUNT I
## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
## (17 U.S.C. § 512(f)(1))

23. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth here.

24. Defendants made knowing and material misrepresentations in multiple Digital Millennium Copyright Act ("DMCA") takedown notices, including falsely stating that Plaintiff's images and product descriptions violate Defendants' alleged, but unidentified, copyrights.

6

25. Even after Plaintiff sent Defendants a cease-and-desist letter explaining in detail Defendants' unlawful conduct, Defendants proceeded to file more DMCA takedown notices containing knowing and material representations.

26. As a direct and proximate result of Defendants' aforementioned conduct, Plaintiff has suffered extensive damages, including a direct loss of revenue, a decrease in the organic ranking and traffic of its Amazon listings, and increase in operational and advertising costs.

27. Accordingly, Defendants' acts constitute violations of 17 U.S.C. § 512(f)(1).

28. Unless enjoined, Defendants will continue to file takedown notices containing knowing and material misrepresentations against Plaintiff's Amazon listings, thereby causing Plaintiff irreparable harm.

## COUNT II
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
### (17 U.S.C. § 101 and 28 U.S.C. §§ 2201-02)

29. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth here.

30. Pursuant to the United Sates Copyright Act of 1976, 17 U.S.C. § 101 et. seq. (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act), an actual justiciable controversy exists by way of multiple DMCA takedown notices, acted-upon accusations of copyright infringement, and credible threat of imminent litigation, Plaintiff seeks relief from this Court.

31. Plaintiff requests an order declaring that the alleged copyright asserted by the Defendants in the form of replicas of a public domain coin replica is invalid and unenforceable.

32. Plaintiff also requests an order declaration that Plaintiff's description of its replica coin product does not infringement the text of Defendant's replica coin description.

33. Finally, Plaintiff requests an order declaring that Plaintiff's image of a stack of coins does not infringe on the alleged copyright in any image owned by Defendants.

## COUNT III
### VIOLATION OF DECEPTIVE TRADE PRACTICES CONSUMER PROTECTION ACT
### (TX Bus. & Comm. Code § 17.46)

34. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

35. Defendants disparaged the business of Plaintiff by falsely representing to Amazon and other parties that Plaintiff's goods were unsafe, that Plaintiff's coins violated Defendant's non-existing copyright, and that Plaintiff's photographs violated Defendant's unidentified copyright.

36. Defendants are Plaintiff's competitors.

37. As a direct and proximate result of Defendants' deceptive practices, Plaintiff suffered financial loss, including loss of sales, increased advertising and operating costs, and decreased consumer goodwill.

38. Defendants' actions constitute a violation of TX Bus. & Comm. Code § 17.46(b).

39. Unless enjoined, Defendants will continue to file takedown notices containing knowing and material misrepresentations against Plaintiff's Amazon listings, thereby causing Plaintiff irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Permanently enjoining Defendant UAB, its officers, agents, licensees, assignees, successors, servants, employees, attorneys, and all other persons in active concert or participation with them from, either directly or indirectly, submitting false Report Infringement notices or DMCA takedown notices to Amazon.com, or any other platform, asserting copyright infringement

8

claims against the design of Plaintiff's replica coin, the description of Plaintiff's replica coin identified here, or Plaintiff's images featured on its listing identified herein;

  B. Permanently enjoining Defendant Petunovas, his agents, attorneys, and all other persons in active concert or participation with them from, either directly or indirectly, submitting false Report Infringement notices or DMCA takedown notices to Amazon.com, or any other platform, asserting copyright infringement claims against the design of Plaintiff's replica coin, the description of Plaintiff's replica coin identified here, or Plaintiff's images featured on its listing identified herein;

  C. Permanently enjoining Defendant UAB, its officers, agents, licensees, assignees, successors, servants, employees, attorneys, and all other persons in active concert or participation with them from, either directly or indirectly, submitting complaints to Amazon or any other platform concerning the safety of Plaintiff's products;

  D. Permanently enjoining Defendant Petunovas, his agents, his attorneys, and all other persons in active concert or participation with them from, either directly or indirectly, submitting complaints to Amazon or any other platform concerning the safety of Plaintiff's products;

  E. Declaring that Plaintiff's coin does not violate any valid and enforceable copyright of either of the Defendants;

  F. Declaring that Plaintiff's description of its replica coin product does not infringe the copyright either Defendant may or may have in any text;

  G. Declaring that Plaintiff's St. Patrick's Day image does not infringe on any valid and enforceable copyright of either of the Defendants.

H. Ordering, pursuant to 15 U.S.C. § 1116(a), Defendants to promptly file with the Court and serve upon Plaintiff a report, in writing and under oath, setting forth in detail the manner in which Defendant has complied with any injunction issue by the Court;

I. Ordering Defendant to pay damages to Plaintiff in the amount of at least $35,000;

J. Ordering Defendants to pay Plaintiff the costs of this action and Plaintiff's reasonable attorneys' fees; and

K. Ordering Plaintiff to provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 6, 2025

Respectfully submitted,

/s/ _____
Mishell B. Kneeland
Texas Bar No. 24038256
CM Law PLLC
13101 Preston Road, Ste. 110-1520
Dallas, Texas 75240
Tel.: (512) 910-5463
Email: mkneeland@cm.law

Matthew R. Grothouse
matt.lighthouse@lozaip.com (*pro hac vice* to be filed)
Loza & Loza, LLP
305 N. Second Ave., #127
Upland, CA 91786
Phone: (872) 314-1374

*Counsel for Plaintiff*